Submitted on record and briefs August 20, reversed and remanded for reconsideration November 21, 1990

## DONNA GORDON,
*Petitioner,*

*v.*

## OREGON STATE
## DEPARTMENT OF CORRECTIONS
and Oregon State Penitentiary,
*Respondents.*

(CA A61743)

801 P2d 892

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner, the wife of an Oregon State Penitentiary (OSP) inmate, seeks review of the final order issued by respondent on June 21, 1989, permanently removing her from her husband's visiting list.

On June 13, 1989, a telephone call from an OSP inmate to his mother was monitored and recorded. The conversation gave those monitoring the call reason to suspect that petitioner was involved in bringing drugs into the prison; accordingly, her visiting card was flagged. The next day, when petitioner arrived at OSP to visit her husband, she was stopped and asked to consent to a strip search. When she refused, she was warned that, if she persisted in refusing, she would be removed from her husband's visiting list. She continued to refuse and was then ordered to leave. After a hearing, petitioner was removed *permanently* from her husband's visiting list.

OAR 291-127-145(1) and (2) provide that a visitor who refuses to submit to a search shall be removed from the visiting list for six months, after which the person will have basic visiting rights.[1] Because the order removing petitioner permanently from her husband's visiting list is not authorized, we reverse and remand for reconsideration.

Reversed and remanded for reconsideration.

---

[1] OAR 291-127-010(1) defines "basic visiting" as the opportunity to "see and talk with each other, on a scheduled basis for a reasonable time, *with no physical contact.*" (Emphasis supplied.) Visiting with physical contact is termed "privileged visiting." OAR 291-127-010(8). Although plaintiff asks that her "privileged" rights be reinstated, the rule does not provide for that.